[Civ. No. 9854.  First Appellate District, Division Two.—November 6, 1935.]

FLORA DELL STAPLES, Appellant, v. HAZEL CRAIG LEGGAT, Administratrix, etc., Respondent.

A. D. Schaffer for Appellant.

Rittenhouse & Snyder for Respondent.

SPENCE, J.—This action against the defendant administratrix was based upon a rejected claim in the sum of $1723.01.  The cause was tried by the court sitting without a jury and resulted in judgment for plaintiff in the sum of $239.56 and no more.  Plaintiff appeals from said judgment.

The judgment as rendered covered certain sums alleged to have been expended on behalf of the deceased.  It denied to plaintiff any recovery for an alleged balance due for services as secretary and housekeeper for the deceased.  This denial is the subject of the controversy on this appeal.

Plaintiff alleged, as set forth in her claim, that she had been employed by the deceased at an agreed compensation of $250

per month; that she was so employed for a period of fourteen months making a total of $3,500 and that $2,100 has been paid leaving an unpaid balance of $1400. Defendant denied the existence of said agreement and alleged that plaintiff had been fully paid and satisfied for all services rendered and all obligations of the deceased.

Upon the trial, the only evidence introduced was that offered on behalf of plaintiff. The only evidence showing any express agreement or understanding between plaintiff and the deceased was the codicil to the will of the deceased and certain alleged oral declarations of the deceased. Said codicil contained the following provision, "Flora Dell Staples of Iola, Wisconsin, having on the twelfth day of January, 1930, entered into my employment on the understanding that in addition to the sums that I should pay her in cash from time to time I would leave her an annuity as hereinafter set forth". The codicil then provided for a trust fund from which plaintiff was to receive the income for life. It was provided that said fund should consist of $2,000 for each year, or fraction of a year, that plaintiff remained in his employ and an additional sum of $10,000 in the event that plaintiff remained in his employ until his death. Under the terms of said codicil, the total amount left in trust for plaintiff as aforesaid was the sum of $14,000.

Plaintiff produced witnesses who testified as to certain oral declarations of the deceased. These included certain references to the "salary" of plaintiff, but only one witness, an aunt of plaintiff, testified to any specified amount. Said witness testified that deceased stated that "he had agreed to pay her $250 a month, and out of this $50, or around that, was to go for their food, supplies and necessities for the kitchen, and the $200 was for her salary; . . . and then he mentioned that he had created a trust fund, . . . "

The trial court found that deceased had employed plaintiff but that he had not agreed to pay her any specified amount; that plaintiff was employed upon an understanding and agreement that plaintiff was to receive from deceased as compensation "sums of money from time to time, and the amounts of which payments, and the times at which said payments were to be made, being wholly and solely in the discretion of the said deceased, and in addition to said payments the said deceased would leave the plaintiff by his last will and

48

testament an annuity to be determined as follows: . . . "
The trial court further found that plaintiff had been fully
compensated pursuant to said understanding and that neither
the sum of $1400 nor any other sum remained unpaid to
plaintiff.

Appellant makes no direct attack upon said findings but
does make an implied attack thereon when she contends that
the trial court arbitrarily disregarded the uncontradicted
testimony. We find no merit in this contention. It is a suffi-
cient answer to point out that appellant erroneously assumes
that the testimony was uncontradicted. While the testimony
given by the aunt of appellant did tend to prove an employ-
ment at a fixed salary, the codicil executed by the deceased
and introduced in evidence by appellant, tended to prove that
appellant accepted employment as secretary and housekeeper
solely upon the understanding that she should receive an
annuity at the death of the deceased in addition to such
unspecified amounts as the deceased should pay her during
his lifetime. We are of the opinion that this evidence was
ample to sustain the trial court's findings.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.